IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEE ISRAEL, | § | |
| | § | No. 710, 2014 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| ROBERT COUPE, Commissioner, | § | C.A. No. N14M-05-011 WCC |
| Department of Correction, | § | |
| PERRY PHELPS, Bureau Chief, | § | |
| Bureau of Prisons, and DAVID | § | |
| PIERCE, Warden, James T. | § | |
| Vaughn Correctional Center, | § | |
| | § | |
| Respondents Below, | § | |
| Appellees. | § | |

Submitted: March 30, 2015
Decided: June 11, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 11th day of June 2015, having considered the appellant's opening brief as supplemented with a permissive writing, the appellees' amended motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     The petitioner/appellant, Lee Israel, is an inmate at the James T. Vaughn Correctional Center (JTVCC), a Delaware correctional facility. The respondents/appellees are Robert Coupe, Commissioner of the Department

of Correction, Perry Phelps, Chief of the Bureau of Prisons, and David Pierce, Warden of JTVCC (collectively "DOC").

(2) It appears that Israel was employed in the JTVCC commissary until he was suspended from that position on September 6, 2013. On May 14, 2014, Israel filed a petition for a writ of mandamus asking the Superior Court to compel DOC to reinstate him to his former position in the JTVCC commissary or to appoint him to another position of equal value.

(3) Israel filed this appeal from the Superior Court's memorandum opinion of November 25, 2014, denying his motion for default judgment and granting DOC's motion for summary judgment.[1] On appeal, DOC has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Israel's opening brief that the appeal is without merit.

(4) Having carefully considered the parties' positions on appeal, the Court finds it manifest that the Superior Court's judgment should be affirmed on the basis of the court's well-reasoned memorandum opinion. The Superior Court properly determined that Israel "is unable to establish a clear legal right to employment, or that work classifications of an inmate are a non-discretionary duty of the Respondents, and has thus failed to state a

---

[1] *Israel v. Coupe*, 2014 WL 7740426 (Del. Super. Nov. 25, 2014).

2

claim for a writ of mandamus."[2]  To the extent Israel claims on appeal that his right to a specific work assignment arises under DOC's "Policy Number 1135," his claim is without merit.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[2] *Id.*, at *2.

[3] *See Dutton v. Risley*, 1994 WL 658488, at ¶ 3 (Del. Nov. 15, 1994) ("While Policy Number 1135 contains mandatory language addressing termination decisions, this language does not give rise to an entitlement for a particular position.").

3